UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **THOMAS IRVIN,** | **CIVIL ACTION NO. 5:23-142-KKC-MAS** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **BARRY TAYLOR,** *et al.*, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on pro se Plaintiff Thomas Irvin's objections (DED 99) to the Magistrate Judge's recommendation that the Court grant defendant Barry Taylor's motion for summary judgment.

As Judge Stinnett explained in his recommendation, the sole claims remaining in this action are Irvin's Eighth Amendment claims against defendants Taylor and James Ashley, both of whom were employed by Northpoint Training Center. At the time of the relevant events, Irvin was an inmate there.

Judge Stinnett recommended that the Court grant Taylor's motion for summary judgment. As to Ashley, he has not been served with a copy of the complaint despite the U.S. Marshals Service's repeated attempts to do so. Thus, Judge Stinnett ordered Irvin to show cause by July 21, 2025 why his claim against Ashley should not be dismissed under Federal Rule of Civil Procedure 4(m).

The recommendation was filed June 20, 2025. In it, Judge Stinnett explained that any objections to the recommendation had to be filed within 14 days of the date that party was served with a copy of it. By July 17, 2024, Irvin had not filed any objections to the recommendation.

The Court reviewed the recommendation and agreed with its analysis and with its conclusion that Taylor's motion should be granted. Accordingly, on July 17, 2024, the Court entered an Opinion and Order that adopted the recommendation (DE 98) and granted Taylor's motion.

Later, the Court received Irvin's objections (DE 99) to the recommendation that were postmarked July 16, 2025 but not received by the Court until July 21, 2025. Thus, the objections were postmarked 26 days after the June 20th recommendation was filed and mailed to Irvin. It is not clear, however, when he received the recommendation. In the interest of resolving this matter after full consideration of the arguments by both parties, the Court will consider the objections to determine if its July 17, 2025 order should be altered.

As background, at the time of the relevant events, Defendant Taylor was a recreation supervisor at Northpoint, which required him to oversee inmate activities. Irvin and a fellow inmate got into a physical altercation while playing basketball. Irvin alleges that defendant Ashley, a corrections officer at Northpoint, put him in restraints and tased him, after which Irvin lost consciousness. He asserts that Taylor then used excessive force in dragging him away from the scene.

As to the subjective component of an excessive force claim, Judge Stinnett determined that Irvin had failed to produce evidence from which a juror could infer that Taylor acted with malicious or sadistic intent as required for an excessive force claim. Mere negligence is not sufficient. As to the objective component of the claim, Judge Stinnett determined that Irvin had not produced any evidence of unconstitutional force, noting that Irvin alleged only abrasions and produced no evidence that he received any medical treatment for them other than the initial examination.

Irvin's objections do not require the Court to alter either of these findings. He objects to some facts set forth in Judge Stinnett's ruling. For example, he complains that Judge Stinnett got the date of the incident wrong and failed to note the precise words that Irvin, Taylor, and Ashley said to each other during the incident. These facts would not change the outcome of the Court's ruling. Further, while Judge Stinnett set forth the facts alleged by both Irvin and Taylor as well as witnesses, in resolving the motion, he credited Irvin's version of events. (DE 95 Recommendation at 10.)

Irvin argues that Taylor did not comply with the prison's policy during the altercation. Even if true, violating a prison policy by itself is not a constitutional violation. He argues that Taylor verbally insulted him, but that is not proof of excessive force or the kind of malicious intent needed for an excessive force claim. He asserts he was unable to walk after being tased and that Taylor should not have dragged him across the floor. He complains of Taylor's "carelessness." Even if Taylor should have chosen another way to remove Irvin from the area, that does not constitute excessive force.

Accordingly, the Court will overrule the objections to the recommendation.

As to Irvin's claim against Ashley, in the recommendation Judge Stinnett ordered Irvin to show cause by July 21, 2025 why his claim against Ashley should not be dismissed under Federal Rule of Civil Procedure 4(m). Irvin has not responded to that order. Accordingly, the Court will dismiss the claim against Ashley without prejudice.

For all these reasons, the Court hereby ORDERS as follows:

1) Irvin's objections to the recommendation (DE 99) are OVERRULED; and

2) Irvin's claim against Defendant Asley is DISMISSED without prejudice.

This 9th day of September, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY